IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03193-PAB-MEH

PAYETTE FINANCIAL SERVICES, LLC, an Idaho limited liability company,

    Plaintiff,

v.

SUPER AMERICA, LLC, a Colorado limited liability company,
SHERYL DEL ROSARIO in her capacity as the Boulder County, Colorado, Public Trustee,
PAUL LOPEZ, in his capacity as the Denver County, Colorado, Public Trustee,
CHRISTINE DUFFY in her capacity as the Douglas County, Colorado, Public Trustee,
MARK LOWDERMAN in his capacity as the El Paso County, Colorado, Public Trustee,
HOLLY RYAN in her capacity as the Jefferson County, Colorado, Public Trustee,
ALLISON AICHELE in her capacity as the La Plata County, Colorado, Public Trustee,
DEBBY MORGAN in her capacity as the Larimer County, Colorado, Public Trustee, and
SUSIE VELASQUEZ in her capacity as the Weld County, Colorado, Public Trustee,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Summary Judgment [Docket No. 39]. Defendants did not file a response. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This action concerns six promissory notes.[2]  Docket No. 39 at 3-4, ¶ 1.  These promissory notes have been paid in full.  *Id.* at 4, ¶ 2.  The promissory notes were secured by deeds of trust; the public trustee defendants have each been named as "Trustee" in one or more of the deeds of trust.  *Id.* at 10-11, ¶¶ 16-23.

On May 26, 1999, Amresco Commercial Finance, Inc. made a series of loans to Duke and Long Distributing Company, Inc. and Duke and Long Licensee, Inc. (collectively, "Duke and Long").  *Id.* at 7, ¶ 4.  The loans were evidenced by four promissory notes ("the Initial Promissory Notes") and secured by deeds of trust.  *Id.*  On the same day, the Initial Promissory Notes and deeds of trust were assigned from Amresco to First Union Trust Company, National Association, or Northwest Bank Minnesota, N.A. (now known as Wells Fargo Bank, N.A.), as custodian or trustee under the applicable custodian or indenture agreement – either the ACLC Business Loan Receivables Trust (the "1999-1 Trust") or the ACLC Business Loan Receivables Trust (the "1999-2 Trust"), depending on the property.  *Id.*, ¶ 5.  The assignments were

---

[1] Because plaintiff's motion is unopposed, the Court takes all supported statements of undisputed fact in plaintiff's motion as true.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion.").

[2] Specifically, this action concerns Promissory Note ACLC 1999-1 SBL Program, dated May 26, 1999; Promissory Note ACLC 1999-1 SBL Program, dated May 26, 1999; Amended and Restated Promissory Note ACLC 1999-2 SBL Program, dated May 26, 1999; Promissory Note ACLC 1999-1 SBL Program, dated May 26, 1999; Promissory Note, dated June 16, 2004; and Promissory Note, dated June 16, 2004.  Docket No. 39 at 3-4, ¶ 1(a)-(f).

recorded in the relevant county real property records. *Id.* On April 29, 2002, Recuperos, LLC acquired the Colorado properties from Duke and Long and assumed $37,000,000 of the Initial Promissory Notes. *Id.* at 8, ¶ 6. The deeds of trust were modified accordingly and the assignments were recorded in the relevant county real property records. *Id.*

Defendant Super America, LLC purchased the properties from Recuperos on June 16, 2004 and assumed a portion of the Initial Promissory Notes owed by Recuperos. *Id.*, ¶ 7. The assumption amount was evidenced by two new promissory notes ("the Super America Notes"), which were payable to the 1991-Trust and the 1992-Trust. *Id.* The Super America Notes state that they "replace certain of the Initial Promissory Notes." *Id.* The deeds of trust were modified accordingly. *Id.* After one of the Super America Notes was paid off, one Super America Note totaling $7,729,002.45 remained. *Id.* On December 10, 2013, the 1999-2 Trust (by Wells Fargo Bank, N.A., as Indenture Trustee) assigned its share of the remaining Super America Note to Amresco, which resulted in the 1999-1 Trust and Amresco jointly owning the note. *Id.*, ¶ 8. In conjunction with this assignment, two of the deeds of trust were assigned from the 1999-2 Trust to Amresco. *Id.* On December 11, 2018, the 1999-1 Trust and Amresco assigned the remaining Super America Note in its entirety to plaintiff Payette. *Id.*, ¶ 9. As a result, the two deeds of trust were assigned to Payette as well. *Id.* Payette made its final payment on the remaining Super America Note on May 1, 2019. *Id.*, ¶ 10.

After making its last payment, Payette began taking the steps necessary to

3

request full releases of the deeds of trust in each Colorado county in which the deeds had been recorded.  *Id.* at 9, ¶ 11.  To do so, Payette was required to mail the Initial Promissory Notes to each county's public trustee.  *Id.*  Payette mailed the Initial Promissory Notes to the public trustee of Adams County, Colorado, who signed and recorded the full Release of Deed of Trust and returned the Initial Promissory Notes to Payette.  *Id.*, ¶ 12.  Payette then sent the Initial Promissory Notes to the Archuleta County public trustee.  *Id.*, ¶ 13.  The public trustee signed and recorded the full Release of Deed of Trust and returned the Initial Promissory Notes to Payette.  *Id.*

On July 29, 2019, Payette mailed the Initial Promissory Notes to the public trustee of Boulder County.  *Id.*, ¶ 14.  However, the Initial Promissory Notes were lost in the mail.  *Id.*  On August 10, 2019, a package containing a return envelope was delivered to the Boulder County trustee.  *Id.*  After a claim was filed with United States Postal Service ("USPS"), USPS reported that it did not believe the Initial Promissory Notes would ever be found.  *Id.*

On November 11, 2019, plaintiff filed this action seeking a declaratory judgment that the promissory notes are paid in full and that the Deeds of Trust are released and determining that Payette has no interest, estate, or claim of any kind whatsoever in the underlying properties.  Docket No. 1 at 15.  On February 24, 2020, Payette filed this motion for summary judgment, seeking summary judgment on its declaratory judgment claim.  Docket No. 39 at 15-16.  Payette represents that defendants do not oppose this

motion. *Id.* at 1.³

## II. LEGAL STANDARD

The Court "may not grant an unopposed motion for summary judgment unless the moving party has met its burden of production and demonstrates that it is legally entitled to judgment under Rule 56." *Altschwager v. Progressive Cas. Ins. Co.*, No. 18-cv-0280-WJM-MEH, 2019 WL 2515404, at *1 (D. Colo. June 18, 2019). Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

## III. ANALYSIS

Because declaratory judgment statutes are procedural rules, "federal law

---

³ The Public Trustees of Weld, Jefferson, Denver, and Larimer Counties filed disclaimers of interest in which they take no position on the merits of this action. *See* Docket No. 26 at 3, ¶ 15; Docket No. 28 at 3, ¶ 12; Docket No. 30 at 3, ¶ 13; Docket No. 38 at 3, ¶ 13. Super America, LLC, in its answer, requests that the Court enter an order granting the relief sought by Payette. Docket No. 27 at 3. Payette represents that the remaining defendants – the Public Trustees of Douglas, El Paso, Boulder, and La Plata Counties – do not oppose the relief sought. Docket No. 39 at 15.

determines whether a district court may properly enter a declaratory judgment" in a diversity case. *Addison Ins. Co. v. Maynard*, 08-cv-00054-WDM-BNB, 2008 WL 2079143, at *2 (D. Colo. May 15, 2008). The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

The Tenth Circuit has identified five factors ("*Mhoon* factors") that a district court should consider in determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 1169 (quoting *State Farm & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

Upon consideration of these factors, the Court finds that entering a declaratory judgment is appropriate in this action. Under Colorado law, "[w]hen all indebtedness, whether absolute or contingent, secured by a lien on real property has been satisfied,

. . . the creditor or holder of the indebtedness shall . . . file with the public trustee the documents required for a release as prescribed by section 38-39-102." Colo. Rev. Stat. § 38-35-124.  Under § 38-39-102, Payette must produce, among other things, the original canceled promissory note "as evidence that the indebtedness secured by such deed of trust has been paid."  Colo. Rev. Stat. § 38-39-102(1)(a)(II).  However, because the canceled Initial Promissory Notes were lost in the mail, Payette cannot produce them to the public trustees of the remaining defendant counties, and these public trustees cannot record the release of the debt in the records of the county clerk and recorder.  Docket No. 39 at 9, ¶ 14; *see also* Colo. Rev. Stat. § 38-39-102(1)(b) ("Immediately upon execution of the release of the deed of trust by the public trustee, the public trustee shall cause the release to be recorded in the records of the county clerk and recorder.").  Thus, the Court finds that (1) an actual controversy exists in this matter concerning the resolution of Payette's satisfaction of the remaining Super America Note and the parties' interests in the deeds of trust and (2) the declaratory action, which would permit the public trustees to record the release of the deeds of trust, would resolve this controversy, which would (3) serve a useful purpose in clarifying the legal relations at issue.  Payette represents that, if this Court enters a declaratory judgment order, it will "obtain and record a certified copy of that Court Order, which will provide notice to all that the Deeds of Trust are released and of no force and effect whatsoever."  Docket No. 39 at 14; *see also Dufrense, Trustee of Dufrense Family Trust v. PDC Energy, Inc.*, No. 17-cv-03079-RBJ, 2019 WL 688006, at *7 (D. Colo. Feb. 19, 2019) (quoting *Franklin Bank, N.A. v. Bowling*, 74 P.3d 308, 313

(Colo. 2003)) ("When a party properly records his interest in property with the appropriate clerk and recorder, he constructively notifies 'all the world' as to his claim.").

In addition, because the parties have not indicated that any parallel legal actions are pending, the Court finds that Payette does not seek a declaratory judgment for *res judicata* purposes, and finds that entering a declaratory judgment would not encroach upon state court jurisdiction or increase friction between the federal- and state-court systems. Finally, the Court does not find that any alternative remedy would be more effective.

The Court finds that a declaratory judgment is proper in this case. There are no disputes of material fact that the Promissory Notes have been paid in full or that the deeds of trust have been satisfied. Moreover, there is no dispute of material fact that it is impossible for Payette to satisfy the requirements of § 38-39-102 so as to permit the release of debt to be recorded with the county clerk and recorder in the remaining counties which have an interest in the subject property. For the reasons set forth above, judgment declaring that the promissory notes have been paid in full, so as to permit the release of the deeds of trust, is appropriate. *See Burks v. Verschuur*, 532 P.2d 757, 758-59 (Colo. App. 1974) (reversing the trial court's denial of declaratory judgment and remanding with "directions to the trial court to enter judgment directing the [defendant] to [mark] the promissory note 'paid in full' and to execute instruments necessary to release the deed of trust"). In light of the foregoing, the Court declares that:

With regard to Payette's request for a declaratory judgment, it is

**ORDERED** that the promissory notes shall be considered paid in full. It is further

**ORDERED** that the deeds of trust are released. It is further

**ORDERED** that Payette Financial Services, LLC has no interest, estate, or claim of any kind whatsoever in the underlying properties, and that Payette Financial Services, LLC is barred from asserting any claim or title to those properties.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's Unopposed Motion for Summary Judgment [Docket No. 39] is **GRANTED**. It is further

**ORDERED** that the Clerk of Court shall enter Final Judgment in favor of plaintiff in accordance with the terms of this order. It is further

**ORDERED** that this case is closed.

DATED August 20, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge